**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAMES LABRASCIANO,**

    Plaintiff,

v.                                            Case No.:

**FERGUSON ENTERPRISES, INC.,**

    Defendant.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332 1441 and 1446, Defendant Ferguson Enterprises, Inc. (hereinafter "Defendant"), through its undersigned attorneys, hereby gives notice that the civil action currently pending in the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida, identified as *James Labrasciano v. Ferguson Enterprises, Inc.*, Case No. 19-CA-003756, is removed to this Court without waiving any rights to which Defendant may be entitled, and says:

1. Pursuant to 28 U.S.C. §1446(a), copies of all record documents, including all orders, pleadings, and process which have to date been served upon Defendant are attached as Exhibit A.

2. The Complaint in the above action was filed in the Circuit Court for the Thirteenth Judicial Circuit on or about April 10, 2019 and served on Defendant on April 17, 2019. Plaintiff has asserted a claim of gender discrimination pursuant to the Florida Civil Rights Act, Fla. Stat. § 760.01 *et. seq.*

3. In compliance with 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty (30) days of Defendant ascertaining that this case is removable.

1

5811701v.1

4.Removal of this action is proper under 28 U.S.C. §§ 1441(b) and 1332, diversity of citizenship jurisdiction. This is a civil action brought in a state court of which the district courts of the United States have original jurisdiction because there is complete diversity of citizenship between Plaintiff and Defendant.

5.Plaintiff asserts he is a resident of Hillsborough County, Florida. (Dkt. 1 Complaint ¶ 4).

6.Defendant is a limited liability company that maintains its principal place of business in Newport News, Virginia.[1] (See Exhibit B, Declaration of Bo Camposano, ¶ 3). It is licensed to do business in Florida as a foreign for-profit limited liability company. (*Id.*)

7.The facts alleged by Plaintiff and the record demonstrate that Plaintiff's claim exceeds $75,000.00.[2] In determining the amount in controversy, a court is permitted "to make 'reasonable deductions, reasonable inference, or other reasonable extrapolations' from the pleadings." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-62 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). Courts may "use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062. The "removing defendant is not required to prove the amount in controversy beyond all reasonable doubt", but rather only by a preponderance of the evidence. *Pretka*, 608 F.3d at 752, 754. Further, in examining this issue, the question is not whether the plaintiff *would actually* recover a specific amount of damages, but rather whether he *could* do so. See *Wineberger v. Racetrac Petroleum, Inc.,* 2015 WL 225760, *3 (M.D. Fla. Jan. 16, 2015) (citing *McDaniel v. Fifth Third Bank*, 568 Fed Appx. 729,

---

[1] On April 1, 2019, Defendant converted from a corporation to a limited liability company.
[2] See *Jirau v. Wathen*, 2014 WL 3695388, at *2 (M.D. Fla. July 24, 2014) ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal") (citing *Williams v. Best Buy* Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).

5811701v.1

731 (11th Cir. 2014)). "The appropriate measure is the litigation value of the case assuming that the allegations of the compliant are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint." *Jackson v. Am. Bankers Ins. Co.*, 976 F.Supp.1450, 1454 (S.D. Ala. 1997) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)). "[R]ecent Eleventh Circuit decisions promote a greater reliance on a court's judicial experience and common sense based on the evidence presented and the nature of the claims alleged in determining whether the jurisdictional threshold is reached." *Cowan v. Genesco, Inc.*, 2014 WL 3417656, at *4 (M.D. Fla. July 14, 2014).

8. Although Plaintiff does not name a monetary amount in his Complaint, Defendant can established complete diversity. Through his lawsuit, Plaintiff is seeking "[c]ompensation for lost wages, benefits and other remuneration;" as well as reinstatement to a comparable position "… or in the alternative, front pay;" and "[c]ompensatory damages, including emotional distress, allowable at law[.]" (See Dkt. 1, Complaint, pg. 6). These damages are potentially available to a prevailing plaintiff under the FCRA. See Fla. Stat. §760.11(5).

9. Plaintiff's potential lost wages establish that the $75,000.00 amount in controversy has been satisfied. In 2018, Plaintiff earned $8,421.57 a month in income. (See Exhibit B, ¶ 7). This equates to $101,058.84 per year. Further, Plaintiff would have been eligible for a potential bonus in 2018 if he met certain performance metrics. (See *Id.* at ¶ *). In addition, Defendant provided Plaintiff with taxable benefits that included, but not limited to, medical, dental and vision insurance. Defendant also contributed to Plaintiff's 401(k) account. Plaintiff's total monthly taxable compensation equaled $15,342.00. (See *Id.* at ¶ 10.

10. Plaintiff's employment with Defendant ended more than 14.5 months prior to this case being removed to federal court. Consequently, Plaintiff's taxable income for this time period would have been $222,460.74. (See Exhibit B, ¶ 11).

11. Additionally, Plaintiff is seeking damages for front pay. It is reasonable for the Court to calculate front pay for a one year period. See *Wineberger*, 2015 WL 225760, at * 3 (accepting the removing defendant's calculation of one year front pay as a reasonable estimation of potential damages when determining amount in controversy); *Ambridge v. Wells Fargo Bank, N.A.*, 2014 WL 4471545, at *4 (M.D. Fla. Sept. 10, 2014)(finding that one year of front pay was a reasonable element of damages to consider as part of the amount in controversy). Based upon Plaintiff's monthly taxable income, Plaintiff could have earned $184,105.44.

12. Based upon his potential back pay and front pay, Plaintiff's damages exceed $400,000.00 without taking into consideration his asserted emotional distress claim.

13. Plaintiff's settlement demands further demonstrate that his alleged claim exceeds $75,000.00. Specifically, in pre-suit correspondence, Plaintiff demanded:

> … payment of $200,000 from Ferguson for back pay, compensatory damages, and his resulting legal fees. You have until March 8, 2019 to accept this settlement offer and tender the appropriate payment to my office. If you do not tender payment of $200,000 by March 8, 2019, my client will file suit against Ferguson for claims in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992, Sec. 760.01 and Sec. 760.10(1) Florida Statutes.

(See Exhibit B, ¶ 13; Exhibit 4).

14. Even though an unsupported settlement demand is not necessarily dispositive when establishing the amount in controversy for diversity jurisdiction, Plaintiff provided a revised settlement demand on February 21, 2019, that identified his "mitigated" damages. (See Exhibit B, ¶ *, Exhibit *). While the new demand reduced the amount of alleged damages, Plaintiff

continues to assert that his claims exceed $98,000.00. According to his counsel, Plaintiff's economic damages as of February 21, 2019, included $34,711.54 in back pay, the loss of an expected bonus of $14,250.00, and $50,000.00 in lost future earnings and unspecified compensatory damages.

15. In addition to his identified damages, the Florida Civil Rights Act also permits Plaintiff to recover his attorneys' fees. See Fla. Stat. §760.11(5). While Plaintiff has failed to identify the amount, he asserts in this Complaint that he ". . . has incurred costs and fees in bringing this matter." (See Dkt 1. ¶ 30). Consequently, his alleged fees are also relevant for the threshold amount and further support the fact that his claim clearly exceeds the minimum amount in controversy and diversity jurisdiction exists in this case. (Plaintiff's counsel have both recently asserted that their hourly rates for claims brought under the Fair Labor Standards Act are $350.00 per hour.)

16. Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing and service of this Notice of Removal, Defendants' Notice to Plaintiff of Removal has been served upon counsel for Plaintiff, Jason W. Imler, Esq. and Gary L. Printy, Jr., Esq., Printy & Printy, P.A., 3411 W. Fletcher Avenue, Suite A, Tampa, Florida 33618.

17. Further, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with Defendant's Notice of Removed Action, has been filed with the Clerk of the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.

18. Based upon the information provided above, Defendant has established, based upon a preponderance of the evidence, that the present claim equals $75,000.00 in potential damages and that diversity jurisdiction exists.

WHEREFORE, Defendant requests this action currently pending in the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida be removed to the United States District Court for the Middle District of Florida.

Respectfully submitted on this 16th day of May, 2019.

/s/    David P. Steffen
**DAVID P. STEFFEN,** FBN:  0154717
dsteffen@constangy.com
SEAN A. DOUTHARD, FBN:  0102589
sdouthard@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida  33601-1840
Telephone:     (813) 223-7166
Facsimile      (813) 223-2515
Service Email:         tampa@constangy.com
*Attorneys for Defendant*

5811701v.1

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 16th day of May, 2019, I electronically filed the foregoing with the Clerk of Court by using the Federal CM/ECF filing system, which will send a Notice of Electronic Filing, along with a true and correct copy of the foregoing via e-mail to the following:

Jason W. Imler, Esq.
Gary L. Printy, Esq.
PRINTY & PRINTY, P.A.
3411 W. Fletcher Ave., Suite A
Tampa, FL  33618
garyjr@printylawfirm.com
Jason.imler@printylawfirm.com
e-service@printylawfirm.com
*Counsel for Plaintiff*

                                                                    */s/      David P. Steffen*
                                                                     **Attorneys for Defendant**